IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTY M. MORENO,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **KILOLO KIJAKAZI,**[1] | : | **No. 21-cv-01536-RAL** |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant** | : | |

**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**                                                                 September 27, 2022

## MEMORANDUM OPINION

The Commissioner of Social Security, through the decision of an Administrative Law Judge ("ALJ"), denied Ms. Moreno's application for Social Security disability and supplemental insurance benefits. This appeal followed. The ALJ determined that Ms. Moreno was able to do sedentary work, with some additional restrictions. R. 18. Ms. Moreno claims the ALJ should have added additional restrictions to her residual functional capacity ("RFC") to accommodate her migraine and post-concussion symptoms. Plaintiff's Brief ("Pl.Br.") at 4, Doc. No. 11 at 4. I disagree. The ALJ properly explained his reasons for defining the RFC as he did. The RFC led to a finding that Ms. Moreno could still do some work in the national economy. The ALJ's reasoning was supported by substantial evidence in the record. Because I find that the ALJ did not commit error, I will affirm his decision.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

On March 28, 2019, Ms. Moreno applied for disability insurance benefits ("DIB") and supplemental security insurance ("SSI") under the Social Security Act. R. 257-259. She claimed her disability began on November 3, 2018, due to chronic migraines, headaches, concussion, dizziness, arm pain, arthralgia of both hands, epigastric pain, post contusion[2] [sic] syndrome, right leg numbness, dyspnea, and vision changes. R. 292. Ms. Moreno' claim was denied, and she requested a hearing before an Administrative Law Judge ("ALJ"). R. 118, 149 187-88. The ALJ held a hearing in May of 2020 and issued a decision denying benefits in July of 2020. R. 26, 32. Ms. Moreno's administrative appeal was denied, making the ALJ's decision the Commissioner's final decision. R. 1. She timely filed a complaint in this court. Doc. No. 1.

The parties have supplied the administrative record and briefed the appeal. Doc. Nos. 8, 11, 12.

## FACTUAL BACKGROUND

### A. The Claimant's Background

Ms. Moreno was 30 years old on the date of her alleged disability onset. R. 22. She has a high school degree and can communicate in English. *Id.*; R. 291. Ms. Moreno had past relevant work as clerk typist, a cashier, and a medical assistant, which qualified as substantial gainful activity, but the ALJ found that she was unable to perform her past relevant work. *Id.*, at 22.

---

[2] Claimant probably meant to say "post-concussion syndrome." *See* R. 507 (diagnosis of post-concussion syndrome).

2

**B. The ALJ's Decision**

The ALJ found that Ms. Moreno was not eligible for DBI and SSI because she has not been under a disability, as defined by the Social Security Act. R. 23. In reaching this decision, the ALJ made the following findings of fact and conclusions of law pursuant to Social Security's five-step sequential evaluation process.[3]

At step one, the ALJ concluded that Ms. Moreno had not engaged in substantial gainful activity ("SGA") since the alleged onset date, November 3, 2018. R. 15. At step two, the ALJ determined that Ms. Moreno had the following severe impairments: chronic migraines and status post-concussion. *Id*. At step three, the ALJ compared Ms. Moreno' impairments to those contained in the Social Security Listing of Impairments ("listing").[4] R. 18. He noted there are no listings specific to migraines or headaches. *Id*. at 18. The ALJ considered whether Ms. Moreno's condition medically equaled the most relevant listing, 11.02 (epilepsy),[5] but found that Ms. Moreno had limited treatment, has

---

[3] An ALJ evaluates each case using a sequential process until a finding of "disabled" or "not disabled" is reached. The sequence requires an ALJ to assess whether a claimant: (1) is engaging in substantial gainful activity; (2) has a severe "medically determinable" physical or mental impairment or combination of impairments; (3) has an impairment or combination of impairments that meet or equal the criteria listed in the social security regulations and mandate a finding of disability; (4) has the residual functional capacity to perform the requirements of her past relevant work, if any; and (5) is able to perform any other work in the national economy, taking into consideration her residual functional capacity, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

[4] The regulations contain a series of "listings" that describe symptomology related to various impairments. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1. If a claimant's documented symptoms meet or equal one of the impairments, "the claimant is conclusively presumed to be disabled." *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). If not, the sequential evaluation continues to step four, where the ALJ determines whether the impairments assessed at step two preclude the claimant from performing any relevant work the claimant may have performed in the past. *Id*.

[5] A finding under Listing 11.02 requires regular seizures coupled with other physical symptoms despite adherence to prescribed treatment. In this case Ms. Moreno acknowledged not adhering to prescribed treatment because the treatments were not working and had serious side effects. R. 323. Her frustration is understandable but stopping treatment all but precludes a finding under the listing.

no medical records since January of 2019 and was not currently taking medication. *Id*. As a result, the ALJ concluded Ms. Moreno's condition did not medically equal listing 11.02. *Id*.

Prior to undertaking his step four analysis, the ALJ assessed Ms. Moreno's residual functional capacity ("RFC"). "Your residual functional capacity is the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1) (DIB); 20 C.F.R. § 416.945(a)(1) (SSI). The ALJ found that Ms. Moreno had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(a), with some functional limitations: Ms. Moreno could do indoor work only, no more than routine repetitive tasks, and no use of screens such as computers or televisions. R. 18. At step four, the ALJ found that Ms. Moreno does not have the RFC to perform any relevant past work. R. 22.

At step five, based on the RFC and testimony from a vocational expert, the ALJ determined that Ms. Moreno would be able to perform representative work available in the national economy, such as table worker, contact assembler, and assembly. R. 23. Because these jobs exist in significant numbers in the national economy, the ALJ concluded that Ms. Moreno was "not disabled." *Id*.

## STANDARDS OF REVIEW

My review of the ALJ's decision is deferential. I am bound by his findings of fact to the extent those findings are supported by substantial evidence in the record. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). Accordingly, my review of the ALJ's findings of fact is limited to determining whether substantial evidence supports the ALJ's decision. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). If the ALJ's decision

is supported by substantial evidence, his disability determination must be upheld. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *see also* 42 U.S.C. § 405(g). "A reviewing court reviews an agency's reasoning to determine whether it is 'arbitrary' or 'capricious,' or, if bound up with a record-based factual conclusion, to determine whether it is supported by 'substantial evidence.'" *Dickinson v. Zurko*, 527 U.S. 150, 164 (1999).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). I must rely on the record developed during the administrative proceedings along with the pleadings in making my determination. *See* 42 U.S.C. § 405(g). I may not weigh the evidence or substitute my own conclusions for those of the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). I must also defer to the ALJ's evaluation of evidence, assessment of the witnesses, and reconciliation of conflicting expert opinions. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009).

The ALJ's legal conclusions and application of legal principles are subject to plenary review. *See Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995). I must determine whether the ALJ applied the proper legal standards in reaching the decision. *See Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984). Accordingly, I can overturn an ALJ's decision based on an incorrect application of a legal standard even where I find that the decision otherwise is supported by substantial evidence. *Payton v.*

*Barnhart*, 416 F. Supp. 2d 385, 387 (E.D. Pa. 2006) (citing *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983)).

## DISCUSSION

Ms. Moreno alleged that she became disabled on November 3, 2018, when she was 30 years old, due to migraines and headaches resulting from a concussion she suffered in 2016. R. 39-40, 257, 292, 316-326, 502, 507. The ALJ considered the entire record and accounted for Ms. Moreno's limitations. R. 18-22. The ALJ determined that Ms. Moreno could not perform her past relevant work and had a residual functional capacity ("RFC") that restricted her to sedentary work, with some additional limitations. *Id.* Based on the vocational expert's testimony the ALJ found there was work in the national economy that Ms. Moreno could perform, even with this limited RFC, and so concluded she was not eligible for DIB or SSI. *Id.*, at 23.

Ms. Moreno contends that the ALJ's RFC restrictions did not go far enough, and that her light sensitivity and inability to focus meant that she was unable to perform the jobs identified by the vocational expert. Pl.Br. at 4. But the ALJ found that Ms. Moreno's statements about the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical and other evidence in the record. R. 19. In doing so the ALJ made a careful review of the record and relied on medical opinion testimony from several doctors. *Id.* at 19-22.

For instance, Dr. Amanda Kochan-Dewey concluded that Ms. Moreno had no mental health diagnosis and no mental health limitations. *Id.* at 21. Dr. Vasundhara Kakodkar, a consultative examiner, concluded that Ms. Moreno could lift up to 50 pounds, only occasionally climb ladders or scaffolds, never have exposure to dust, odors, fumes, and pulmonary irritants, and should work in a quiet environment. *Id.* The ALJ

6

imposed greater restrictions (sedentary rather than medium work) than those recommended by Dr. Kakodkar. *Id.* Dr. David Ferner opined that Ms. Moreno was capable of light work. Again, the ALJ restricted her to sedentary work. *Id.* The ALJ noted that Ms. Moreno's treatment documentation ended in January of 2019, just a few months after her alleged onset date. *Id.*, at 22. He also noted Ms. Moreno takes no medication for her condition and no longer treats her condition with a doctor. *Id.* The Commissioner's brief provides an accurate and expansive description of the basis for the ALJ's decision in the record, and I find it convincing.

The ALJ's decision was based on a proper legal footing and on substantial evidence. Ms. Moreno points to no legal error and does not identify any part of the factual record that the ALJ inadequately assessed or ignored. While I am sympathetic for Ms. Moreno's suffering – as was the ALJ, who found her ability to do work greatly restricted – the ALJ committed no error. His decision was supported by substantial evidence.

## CONCLUSION

Because I find no error, I will affirm the decision of the ALJ, and dismiss the appeal. I will enter an Order and Judgment accordingly.

BY THE COURT:

*s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**